IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOSIE T. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-1260-JTM-GEB |
| | ) | |
| CONCENTRIX, *dba* CONVERGYS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| JOSIE T. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-1305-JTM-GEB |
| | ) | |
| Metro PCS *Customer Service Representative*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER
## and
## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Josie T. Robinson's Motions to Proceed without Prepayment of Fes (ECF Nos. 3) and her Motions to Appoint Counsel (ECF Nos. 4) in two cases: *Robinson v. Concentrix dba Convergys*, Case No. 19-1260-JTM-GEB; and *Robinson v. Metro PCS*, Case No. 19-1305-JTM-GEB. For the reasons set forth below, the undersigned Magistrate Judge **DENIES** both motions for appointment of counsel (**ECF Nos. 4**); and pursuant to 28 U.S.C. § 636(b)(1)(B)

**RECOMMENDS DENIAL** of both motions to proceed *in forma pauperis* (**ECF Nos. 3**) and **RECOMMENDS** dismissal of both cases.

I.  **Background**

   A.  *Robinson v. Concentrix*, Case No. 19-1260-JTM-GEB

Plaintiff Josie T. Robinson filed this Complaint, acting pro se, on September 24, 2019. She generally alleges she was employed by defendant Concentrix (doing business as Convergys) and was unlawfully terminated from her employment on or about August 17, 2019. Along with her Complaint, Plaintiff filed a Motion to Proceed without Prepayment of Fees (ECF No. 3) and a Motion to Appoint Counsel (ECF No. 4).

After review of Plaintiff's filings, on October 7, 2019, the undersigned U.S. Magistrate Judge issued an Order requiring Plaintiff to supplement both motions. (ECF No. 5.) Plaintiff's Motion to Proceed without Prepayment of Fees did not provide enough information by which the Court could ascertain her household income and did not include information regarding Plaintiff's monthly expenses. (Pl.'s Motion, ECF No. 3-1, *sealed*; Order, ECF No. 5 at 1-2.) Additionally, her Motion to Appoint Counsel identified only one attorney with whom she consulted, although the Court requires consultation with at least five attorneys. (Pl.'s Motion, ECF No. 4; Order, ECF No. 5 at 2-3.) In the October 7, 2019 Order, the undersigned encouraged Plaintiff to fully utilize the forms provided by the Court, and warned Plaintiff that without such supplemental information, the Court would be unable to determine Plaintiff's ability to proceed in this matter without payment of the filing fee and whether she has expended a good faith effort to locate her own counsel. The Court notified Plaintiff of the necessity to supplement by

both regular mail and electronic notification and required Plaintiff to file her supplements no later than October 28, 2019. (ECF No. 5.)

The Order clearly warned Plaintiff that a failure to supplement could result in negative consequences to Plaintiff's case, up to and including denial of her request to proceed without fees and/or for appointment of counsel, and a potential recommendation of dismissal. Despite these clear mandates, Plaintiff did not respond to the Court's order.

After Plaintiff failed to respond by the required deadline, the undersigned U.S. Magistrate Judge then ordered Plaintiff to appear in person on November 25, 2019, to show cause why the undersigned should not recommend to the District Judge that this case be dismissed for failure to comply with a Court order and for lack of prosecution under Fed. R. Civ. P. 41(b). (ECF No. 6.)

### B. *Robinson v. Metro PCS*, Case No. 19-1305-JTM-GEB

Plaintiff Josie T. Robinson filed her second Complaint,[1] acting pro se, on November 18, 2019. She generally alleges she entered a Metro PCS store on November 3, 2019 to ask for refund regarding a cell phone account. Plaintiff claims when she did so, a customer service representative struck her. She alleges this Court has jurisdiction because her case arises under 18 U.S.C. § 351(e) and K.S.A. § 21-5413(a). Along with her Complaint, Plaintiff filed a Motion to Proceed without Prepayment of Fes (ECF No. 3) and a Motion to Appoint Counsel (ECF No. 4).

---

[1] This is Plaintiff's second case referred to the undersigned U.S. Magistrate Judge. Plaintiff filed one previous case in federal court assigned to other judges, captioned *Wright v. Genesh Inc.*, Case No. 14-1319-DDC-KGG (filed Sept. 29, 2014; closed March 30, 2015).

After review of Plaintiff's filings and recognizing Plaintiff would be coming to court for her first-filed case, on November 19, 2019, the undersigned U.S. Magistrate Judge issued an Order requiring Plaintiff to appear in person on this second matter, as well, to discuss with her the sufficiency of her claims. (ECF No. 5.)

C. **November 25, 2019 Hearing**

On November 25, Ms. Robinson appeared in person before the undersigned U.S. Magistrate Judge. During that hearing, the undersigned discussed both pending cases with her.

The Court first explained to Ms. Robinson the Court's inability to determine from her first Complaint the factual basis underlying her employment claims against defendant Concentrix in Case No. 19-1260-JTM-GEB. As the Court did in the October 7, 2019 Order, the undersigned also instructed Plaintiff she needed to amend her motions seeking counsel and seeking to file without payment of the filing fee. But during the hearing, Ms. Robinson clearly indicated on multiple occasions that she wished to dismiss her employment claims against Concentrix.[2]

After the undersigned explained she called Ms. Robinson to appear to personally explain the deficiencies, Plaintiff reported she felt the information in her written Complaint was inaccurate and she believed she "withdrew this Complaint a long time ago."[3] The Court specifically confirmed with Plaintiff she wished to withdraw the

---

[2] Recording of hearing (November 25, 2019, Tape #10:16-10:54). The hearing was recorded, but not transcribed. If any party wishes to purchase a written transcription, it may contact the chambers of the undersigned for more information.

[3] *Id*. at 10:22.

4

Complaint against Concentrix, and Plaintiff responded "They were already dealt with by God" and noted she had visited with her former employer by phone and "allowed them to understand" what happened. Again, the Court informed Ms. Robinson there was nothing on the docket indicating she wished to dismiss the case, and specifically asked her whether she was telling the Court she did not want to sue them in this Court anymore, to which Plaintiff confirmed she did not wish to pursue the case.[4] A third time, the Court asked, "If I understand you correctly, you're saying you don't want to pursue this claim against Concentrix." Ms. Robinson responded, "No, Ma'am, I do not."[5]

After confirming Plaintiff's wishes regarding the first case, the undersigned moved to discussion of the case against Metro PCS. Plaintiff confirmed she did intend to pursue the action against the Metro PCS customer service representative. The Court informed her the statutes she listed did not confer jurisdiction in this federal court, and that the first statute she listed is a federal criminal law related to penalties for assassinating, kidnapping and assaulting Congressional, Cabinet and Supreme Court members. The second statute is a Kansas state criminal law regarding battery.

Plaintiff responded she filed a police report after the incident happened, and she believed she would file in the federal court and then the Court itself would sort out where the case should be filed.[6] She offered she understood the event did not occur due to her race, religion, or gender, and she confirmed she was a customer of Metro PCS, not an

---

[4] *Id*. at 10:25-26.
[5] *Id*. at 10:27.
[6] *Id*. at 10:29-30.

employee.[7] The Court asked Plaintiff to explain how the incident offended her civil rights. Again, Plaintiff said she knew the employee didn't strike her because of her "race, religion, color, creed, gender, or religion."[8]

The undersigned explained a battery under these circumstances would be either a state criminal case or a state civil action, not a federal civil case. After considerable discussion, Plaintiff could not articulate any federal right which had been violated and stated, "It definitely isn't a civil rights violation."[9] However, Plaintiff did not understand how an assault and battery did not violate her federal Constitutional rights. The hearing concluded when Plaintiff gathered up her belongings and abruptly left the hearing, asking whether the Court had "anything else."[10]

Following the conclusion of the November 25, 2019 hearing, Plaintiff filed no additional documents in either pending case.

## II.     Motions to Proceed without Prepayment of Fees

### A.     Legal Standard

Federal law mandates the clerk of each district court to require the parties instituting any civil action to pay a filing fee.[11] If a filing party wishes to proceed without prepayment of this filing fee, he or she may petition the Court for the ability to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, this requires the party to file "an

---

[7] *Id*. at 10:30.
[8] *Id*. at 10:32.
[9] *Id*. at 10:39.
[10] *Id*. at 10:53.
[11] 28 U.S.C. § 1914.

6

affidavit that includes a statement of all assets" the party possesses and describes why the person is unable to pay the fee.[12]

"Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[13] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[14]

### B. Case No. 19-1260-JTM-GEB (ECF No. 3)

In this case, the Court is unable to determine whether Plaintiff qualifies due to the lack of information provided in her motion and attached financial affidavit. (ECF Nos. 3, 3-1, *sealed*.) To date, Plaintiff has failed to provide information sufficient for the Court to determine whether she is eligible to proceed without prepayment of the fee under 28 U.S.C. § 1915, despite being given an opportunity to do so. Additionally, Plaintiff made clear during the November 25 hearing that she wishes to dismiss this case. Therefore, the Court **RECOMMENDS** her motion to proceed *in forma pauperis* (ECF No. 3) in Case No. 19-1260-JTM-GEB be **DENIED**.

---

[12] 28 U.S.C. § 1915(a)(1).
[13] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[14] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

### C. Case No. 19-1305-JTM-GEB (ECF No. 3)

In her second-filed case, Plaintiff completed her financial affidavit. When comparing her monthly income to her monthly expenses, it appears she is unable to afford to pay the filing fee. However, in light of the recommendation of dismissal discussed below, the Court **RECOMMENDS** her motion to proceed *in forma pauperis* (ECF No. 3) in Case No. 19-1305-JTM-GEB be **DENIED**.

## III. Motions to Appoint Counsel

### A. Legal Standard

For parties who do proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[15] Additionally, for parties bringing employment discrimination claims under Title VII, that statute also provides the court discretionary authority to appoint counsel "in such circumstances as the court may deem just."[16] But there is no constitutional right to counsel in a civil action.[17]

In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[18] In *Castner v. Colorado Springs Cablevision*,[19] the Tenth Circuit identified four factors which are relevant to the district

---

[15] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[16] *Jackson*, 2014 WL 494789, at *2 (citing 42 U.S.C. § 2000e–5(f)(1)).
[17] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[18] *Jackson*, 2014 WL 494789, at *1.
[19] *Castner*, 979 F.2d 1417.

court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel. Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[20] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[21]

### B. Case No. 19-1260-JTM-GEB (ECF No. 4)

As a threshold issue, Plaintiff made clear during the November 25 hearing that she wishes to dismiss this case. Therefore, counsel will not be appointed. Even if she had not dismissed her case, the Court would decline to appoint counsel after application of the *Castner* factors. First, Plaintiff has not satisfied the first prong of the analysis, as she has failed to convince the Court of her financial inability to secure counsel on her own as outlined above. Second, Plaintiff has not satisfied the Court of her diligence in searching for counsel. As outlined in the Court's prior order, this Court's form "Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel" makes clear that the Court typically requires a plaintiff to discuss his or her case with at least five attorneys before seeking court-ordered representation. However, in Plaintiff's Motion she reveals only one attorney with whom she consulted. Despite being given an

---

[20] *Castner,* 979 F.2d at 1421.
[21] *Jackson,* 2014 WL 494789, at *3.

9

opportunity to cure this defect, Plaintiff has not supplemented her motion with the names of additional attorneys with whom she has consulted.

For these reasons, the Court **DENIES** Plaintiff's request for appointed counsel (**ECF No. 4**) in Case No. 19-1260-JTM-GEB.

### C. Case No. 19-1305-JTM-GEB (ECF No. 4)

Applying the *Castner* factors to Plaintiff's second case, the Court finds it inappropriate to appoint counsel at this time. Although Plaintiff completed her financial affidavit, demonstrating an inability to afford counsel on her own, and she lists five attorneys whom she contacted regarding her case, she fails to meet the third prong of analysis. Below, the Court recommends Ms. Robinson's case be dismissed for lack of federal jurisdiction. Therefore, finding her claim lacks merit, the Court **DENIES** Plaintiff's request for appointed counsel (**ECF No. 4**) in Case No. 19-1305-JTM-GEB.

## IV. Recommendation of Dismissal

### A. Legal Standards

Under the statute permitting an *in forma pauperis* claim, 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss a case at any time if the court determines the action fails to state a claim on which relief may be granted. The sufficiency of the complaint is reviewed under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[22] Furthermore, "[i]f the court determines at

---

[22] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."²³ Because Plaintiff proceeds pro se, her pleadings must be liberally construed.²⁴ However, Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"²⁵ and the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."²⁶ Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."²⁷ "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."²⁸

Fed. R. Civ. P. 8 "demands more than naked assertions."²⁹ Ultimately, this Court must ascertain whether Plaintiff's claim provides the defendant with sufficient notice of her claims such that the defendant could prepare an appropriate answer.³⁰ Under Rule 8(a), a complaint must contain three minimal pieces of information: (1) the pleading should contain a short and plain statement of the claim showing that the plaintiff is entitled to relief; (2) a short and plain statement of the grounds for the court's jurisdiction; and (3) a statement of the relief requested. If the court finds any of these

---

²³ *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3) (emphasis added).
²⁴ *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
²⁵ *Id*.
²⁶ *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
²⁷ *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
²⁸ *Kay,* 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).
²⁹ *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).
³⁰ *See Snider v. Burton*, No. 15-1043-JTM-KGG, 2015 WL 1442096, at *1 (D. Kan. Mar. 30, 2015) (citing *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002)) (adopting report and recommendation).

requirements absent, even after affording liberal construction to the complaint, the court "is compelled to recommend that the action be dismissed."[31] If the complaint is "too general," then it does not accomplish these purposes.[32] Similarly, "allegations of conclusions or opinions are not sufficient *when no facts are alleged by way of the statement of the claim*."[33]

### B. Case No. 19-1260-JTM-GEB

As noted above in Section I.C, Ms. Robinson clearly stated during the November 25, 2019 hearing she wishes to withdraw this case. For this reason alone, the undersigned U.S. Magistrate Judge recommended dismissal. But even if Plaintiff had not so plainly notified the Court of her intent, her Complaint lacks facts to support her claim that she was discriminated against or that she was terminated for being a whistleblower. In fact, during the November 25 hearing, when asked about supporting facts, she denied she claimed being a whistleblower.[34] Finding she voluntarily withdrew her Complaint, and in the alternative, her Complaint lacks factual support, the Court **RECOMMENDS** dismissal of Case No. 19-1260-JTM-GEB.

---

[31] *Snider*, 2015 WL 867423, at *2 (citing requirements under Rule 8), *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015)
[32] *See Henderson v. Ojile*, No. 97-4098-SAC, 1997 WL 723432, at *2 (D. Kan. Oct. 31, 1997) (citing *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir.1993)).
[33] *Id*. (quoting *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).
[34] Recording of Nov. 25, 2019 hearing at 10:22.

## C. Case No. 19-1305-JTM-GEB

When considering Plaintiff's second case, as a threshold matter it appears this Court lacks jurisdiction over Plaintiff's claim. Because "federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.[35] Plaintiff claims this Court has jurisdiction because her case arises under 18 U.S.C. § 351(e) and K.S.A. § 21-5413(a). However, neither of these statutes confer federal jurisdiction in a civil case. The first statute relied upon is a federal criminal statute regarding penalties for assassinating, kidnapping and assaulting Congressional, Cabinet and Supreme Court members. The second statute is a Kansas state criminal statute regarding battery. But these criminal statutes do not give the Court jurisdiction to hear her case. Additionally, Plaintiff, as a private citizen, has no authority to bring a criminal case.[36] Plaintiff provides no other basis for the exercise of jurisdiction over what appears to be a state tort claim of battery. The federal court is not the proper forum for this state court claim.

Additionally, to the extent Plaintiff claims her civil rights were violated by the alleged battery, she fails to provide any facts regarding how her rights were violated or which rights were violated. This makes it difficult for Defendant to have fair notice of

---

[35] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir.2003)).

[36] *Noel v. Elliot*, No. 12-3116-SAC, 2012 WL 2120761, at *1 (D. Kan. June 12, 2012) ("As a private citizen, plaintiff simply has no authority to prosecute criminal charges.") (citing *Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir. 2007) and *Mamer v. Collie Club of America, Inc.,* 229 F.3d 1164, *2 (Table)(10th Cir. 2000)("private citizens cannot prosecute criminal actions")).

13

what is being alleged against it.[37]  Therefore, her Complaint may also be dismissed for failure to state a cognizable claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is therefore **RECOMMENDED** that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

V. **Conclusion: Orders and Recommendations**

For the reasons outlined above, the undersigned U.S. Magistrate Judge issues the following orders and recommendations:

**IT IS ORDERED** that Plaintiff Josie T. Robinson's Motions for Appointment of Counsel (**19-1260-JTM-GEB, ECF No. 4; and 19-1305-JTM-GEB, ECF No. 4**) are **DENIED**.

**IT IS RECOMMENDED** that Plaintiff Josie T. Robinson's Motions to Proceed *In Forma Pauperis* (**19-1260-JTM-GEB, ECF No. 3; and 19-1305-JTM-GEB, ECF No. 3**) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that both matters be dismissed.  **Case No. 19-1260-JTM-GEB** should be dismissed due to Plaintiff's voluntary withdrawal of the matter on the record, or in the alternative, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[37] *Weaver v. City of Topeka*, No. 94-4224-SAC, 1995 WL 783628, at *7 (D. Kan. Dec. 12, 1995), *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).

The Complaint in **Case No. 19-1305-JTM-GEB** should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS ORDERED** that although Plaintiff will be notified by electronic notification, a copy of this recommendation shall also be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[38]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of March, 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[38] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).